THE HON. WILLIAM L. HOLLOWAY,

---

STATE, RESPONDENT, *v.* NEEDY, APPELLANT.

(No. 2,999.)

(Submitted June 9, 1911. Decided June 10, 1911.)

[117 Pac. 102.]

*Criminal Law—Rape—Evidence—Insufficiency.*

Rape—What Does not Constitute.
1. The gist of the offense of rape as defined in subdivision 3 of section 8336, Revised Codes, is the use of force by the perpetrator overcoming the physical resistance offered by the female; hence if there be consent, however reluctantly given and even though accompanied by verbal protests and refusals, at any time during the act of intercourse, the act is not accomplished by force within the meaning of the statute, and does not constitute rape.

Same—Evidence—Insufficiency.
2. Evidence *held* insufficient to justify a conviction for rape charged to have been accomplished by violence and force, but rather to show that the prosecuting witness failed to offer any physical resistance which it required force to overcome within the meaning of subdivision 3 of section 8336, Revised Codes.

*Appeal from District Court, Gallatin County; W. R. C. Stewart, Judge.*

(442)

GEORGE NEEDY was prosecuted for rape and convicted of assault in the second degree, and appeals from the judgment of conviction and an order denying his motion for a new trial. Reversed and remanded, with directions to discharge accused.

*Mr. George D. Pease* submitted a brief in behalf of Appellant, and argued the cause orally.

In behalf of the State, *Mr. Albert J. Galen,* Attorney General, submitted a brief and argued the cause orally.

## Opinion PER CURIAM.

The defendant, charged with rape, was convicted of assault in the second degree and sentenced to serve a term of four years in the state prison at hard labor. He has appealed from the judgment and an order denying his motion for a new trial. The brief filed by his counsel contains many assignments of error based upon the rulings of the court in admitting and excluding evidence, and giving and refusing certain instructions. Contention is also made that the evidence is insufficient to justify the verdict. We shall not notice any of these assignments, except the last; for, after an examination of the evidence, we are satisfied that it is not sufficient to sustain a conviction, either of rape or assault.

The charge in the information is rape by violence and force. "Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances: * * * 3. Where she resists, but her resistance is overcome by violence or force." (Rev. Codes, sec. 8336.) The gist of the offense as here defined is the use of [1] force by the perpetrator overcoming physical resistance offered by the female. If there is consent, however reluctantly it is given, even though accompanied by verbal protests and refusals, at any time during the act of intercourse, the act is not accomplished by force within the meaning of the statute, and hence is not rape.

We shall not examine the evidence in detail.    The prosecutrix was a woman twenty-one years of age.    The defendant was twenty-four.    The two had theretofore gone together to social gatherings and places of amusement.    From the testimony of the prosecutrix it appears that when the alleged rape occurred, she and the defendant were on the way to her home from a dance. They were proceeding along a street in the city of Bozeman, about 12:30 in the morning.    There were occupied dwellings on both sides of the street, one not to exceed thirty feet away, and in some of them the inhabitants were still awake.    Other persons were on the street a short distance away.    The point at which the act of intercourse took place was under a tree in the parking about the middle of the block.    There was no outcry nor call for help by the prosecutrix, though the defendant used no means, nor even threats, to prevent it.    The clothes of the prosecutrix were not disarranged nor torn; nor did her person bear any evidence of bruises occasioned by violence or force used to overcome resistance.    During the progress of the intercourse the defendant requested her to put her arms around his neck, and she did so.    After the act was completed, the defendant accompanied her to her home some distance away and left her at her door, parting with her as he had theretofore done.    On the way she made no complaint, nor sought any help, though she might easily have done so.    The only conclusion which this evidence justifies is that, while the prosecutrix may not have given ready consent to the act of intercourse, she did not offer any physical resistance which it required force to overcome, within the meaning of the statute.    The result is that the defendant was improperly convicted; for if, under these facts, there was no rape, neither was there an assault.

Since, in view of what the evidence shows, the ordering of a new trial would be useless, it is directed that the judgment and order be reversed, and the cause remanded to the district court, with directions to discharge the defendant.    *Remittitur* forthwith.

*Reversed and remanded.*